UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 06-58466-WS
                                                          Chapter 13
    WILLIAM MCKINLEY DAVIS,                           Honorable Walter Shapero
    and SANDRA DENISE DAVIS,

               Debtors.
_____/

## OPINION ALLOWING APPLICATION FOR COMPENSATION

Debtors have objected to their attorneys'("Applicant") application for compensation in the amount of, $2,611.30, calculated pursuant to their agreement on an hourly rate basis. Debtors retained Applicant originally and based on the information Debtors gave Applicant, prepared a means test which indicated to Applicant they had to file a chapter 13 case. Debtors filed the case primarily because they wanted to keep their house and two vehicles. The proposed plan was such that the required payments on the home mortgage and the two vehicles produced somewhat of a financial strain, to which was added a few months later the fact that the husband was laid off. When confirmation time arrived, Debtors were 27% paid in (apparently the plan payments included payments on both the house and car). Mrs Davis said she called Applicant and advised them of the husband's layoff and payment problems and Applicant told her to appear at the confirmation hearing, when those facts along with other issues would be discussed and possibly dealt with. By the time of the confirmation hearing, Debtors had apparently, however, already consulted with another attorney and decided to change counsel, but had not yet formally done so. The new attorney had apparently discussed with Debtors having Mr. Davis file a chapter 13 case, and Mrs. Davis a chapter 7 case.

1

Applicant appeared for Debtors at the confirmation hearing with the hope of obtaining an adjournment (though not likely in view of the low payment history) to either modify the plan, make-up payments, etc., or, possibly to give new counsel a chance to deal with that existing case. The case was, however, dismissed at confirmation, it appearing that by then Debtors, having already consulted with new counsel, were going to take the latter's advice and consequently were more or less acquiescent to dismissal of their existing case. Shortly thereafter, Mr. Davis filed a chapter 13 case which was later confirmed, and Mrs. Davis later filed a chapter 7 case which is pending.

Applicant cannot really be faulted if the information they received from Debtor was correctly put into the means test calculation which mandated the filing of the chapter 13 in the first place. It is difficult to tell directly (but not important to the result), at least as to Debtors, whether they gave wrong information in the first place, or the right information which later was affected by circumstance changes, or right information which Applicant did not correctly utilize or evaluate.

The joint original chapter 13 case was filed on December 12, 2006, and was dismissed on March 12, 2007. Mr. Davis' subsequent case, was a chapter 13 case, case number 07-45118, which was filed on March 15, 2007, and confirmed on June 21, 2007. He was represented by his new attorney in that case, whom he had obviously consulted with prior to dismissal of the original chapter 13 case. His Schedule I in that new chapter 13 case indicates he was still employed by the same employer as set forth in his Schedule I in the original chapter 13 case. His gross monthly income from that employer as set forth on Schedule I in the original case was $3,336, and, that of his wife, $2,529. In his new chapter 13 case, that same income was indicated as $3,120. In the original chapter 13 case, the plan contemplated making the house and both car payments thru the plan. In the original chapter 13 case, Mrs. Davis' gross income was shown as being $2,529. In Schedule I for

2

her in Mr. Davis' new chapter 13 case, it is shown as $2,082 (a figure some $500 lower than what was indicated in the original case).

After dismissal of the joint original chapter 13 case, Mrs. Davis filed her own chapter 7 case in which she was represented by an attorney other than the attorney representing her husband in his new chapter 13 case. Her chapter 7 case number is 07-52558, filed on June 28, 2007. The Schedule I income for both that Debtor and her spouse in this chapter 7 case is the same as that set forth in the spouse's new chapter 13 case.

It is essentially the Debtors' argument in this original case that based on the confirmation of the subsequent separate chapter 13 and separate filing of the chapter 7 case, the filing of the original joint chapter 13 case was inappropriate in the first place, and/or actions or inactions of their counsel in the original chapter 13 case, relating to not giving them the same advice they received in connection with their new, subsequent cases, should reduce the compensation sought in the original case. In addition, they argue some lack of Applicant's responsiveness to changes in their circumstances such as Mr. Davis' layoff, and their inability to make the payments under the plan Applicant proposed, on their behalf, should reduce the compensation sought.

The basic yardsticks in evaluating chapter 13 fee applications are whether the services at the time they were rendered, were reasonably likely to benefit the bankruptcy estate or were necessary to the administration of the case.

Debtors' plan in this case was constructed based on information supplied by them at the time, as set forth in the filed and sworn to schedules, as well as Debtors' desire to retain both vehicles and their home. While there are some differences between their incomes in this case as shown on Schedule I, and such on their two subsequent cases, those differences are not sufficiently material as

3

to have made a difference in what Applicant originally proposed for the Debtors. Applicant is entitled to rely on the information given to Applicant, unless it can obviously or by reasonable inquiry to be determined incorrect. That is not the case here, and that is reinforced by the fact that the income figures are either relatively the same in all three cases, or their differences relatively net out to the point where such are not a sufficiently reliable basis for denying or curtailing compensation. The facts indicate that Mr. Davis' layoff was likely a temporary one, his second chapter 13 case being based (and confirmed) on income from his same employer, represented as being about $200 less than that set forth on Schedule I in his original case, and without any payments for Mrs. Davis' vehicle Debtors' proposed payment plan may have been a strain to comply with in the first place, but what Debtors had to do to achieve their aims was no mystery. It may have been temporarily made worse by Mr. Davis' layoff, but those facts are not such as are properly attributable to actions or inactions of Applicant, or support a claim of lack of responsiveness of Applicant to any change in circumstances or desires. The originally proposed joint chapter 13 plan was an appropriately advised (and maybe the then required) course of action for a joint case given the facts given to Applicant at the time. It may not have been the only one, but it was within the realm of reasonable alternatives. To the extent there may have been a change in circumstances requiring modification of the plan or other appropriate action, such could have, and often is, dealt with at a confirmation hearing, provided the Debtors' payment history does not work against it (which it did in this case). A major before and after difference here is the fact that Mrs. Davis' car payment of some $293 per month was no longer in the picture in the subsequent cases. In this Court's view, that payment was a material factor in the payment delinquencies in the original case and thus, the dismissal of that case. A poor payment history on the part of the Debtors is not attributable to their counsel unless possibly it was clearly

predictable in the first instance and/or it is the result of subsequent occurrences timely communicated to counsel who unreasonably decided to ignore them. None of the latter exists here.

The fact that Debtors later received from another attorney or attorneys different advice (something which they have every right to seek) with an outcome different or more satisfactory to Debtors does not perforce prove that their prior attorneys gave them bad advice or that their otherwise appropriate services should not be paid for. Legal advice is not as much an exact science as clients would like it to be. Reasonably able attorneys can differ on appropriate advice in a given set of circumstances.

Debtors do not challenge Applicants' hourly rates, or specific time entries, nor have they pointed out thru expert testimony or otherwise that Applicants' actions were somehow out of the customary mainstream. Nor have they shown to the Court's satisfaction, that Applicant misconstrued or erroneously utilized figures Debtors gave them, or did so in a way that materially affected the outcome of the original chapter 13 case, or that should deprive Applicant of the otherwise fair compensation sought. Accordingly, the Debtors' objections to the application are denied and Applicant should submit an appropriate order.

**Signed on July 25, 2007**

                                         **/s/ Walter Shapero**
                                    **Walter Shapero**
                                    **United States Bankruptcy Judge**